233 P.3d 910 (2010)
CITY OF EAST WENATCHEE, Appellant,
v.
DOUGLAS COUNTY, Respondent.
No. 28580-4-III.
Court of Appeals of Washington, Division 3.
June 22, 2010.
Peter Devin Poulson, East Wenatchee, WA, for Appellant.
Steven Michael Clem, Douglas County Prosecuting Attorney, Waterville, WA, for Respondent.
KULIK, C.J.
¶ 1 Douglas County refused to pay for the city of East Wenatchee's juvenile detention costs at the nearby Chelan County facility. Douglas County required East Wenatchee to place juveniles at Douglas County's contracted facility, Martin Hall, in Medical Lake, Washington. East Wenatchee brought suit against Douglas County, seeking a declaratory judgment that Douglas County was financially responsible for temporary housing of juveniles arrested within East Wenatchee's city limits at the Chelan County facility, or that Douglas County was financially responsible for East Wenatchee's transportation costs to take juveniles to Martin Hall. Martin Hall is 158 miles from East Wenatchee. We conclude that the trial court properly granted summary judgment to Douglas County. Douglas County's contract with Martin Hall as a juvenile facility complies with RCW 13.16.030 requiring Douglas County to maintain a juvenile facility. Therefore, we affirm the summary judgment.

FACTS
¶ 2 In 1996, Douglas County entered into an interlocal juvenile detention facility contract with eight other counties: Adams, Asotin, Ferry, Lincoln, Pend Oreille, Spokane, Stevens, and Whitman. The counties agreed to jointly own, operate, and maintain a juvenile facility in Medical Lake, known as Martin Hall. Martin Hall is Douglas County's designated juvenile facility and is located approximately 158 miles from East Wenatchee.
¶ 3 Chelan County contractually agreed to temporarily detain juveniles arrested in Douglas County at the Chelan County juvenile detention facility until the juvenile's release on bail or preliminary appearance, whichever happened first. If the court ordered the juvenile to remain in custody following the preliminary appearance, Douglas County would provide transportation to Martin Hall. Douglas County paid Chelan County $110 per day for temporarily detaining juveniles under this agreement. The Chelan County juvenile detention facility is located approximately 3 miles from East Wenatchee.
¶ 4 Prior to 2005, Douglas County allowed East Wenatchee's police officers to place juveniles at the Chelan County facility, and Douglas County paid for the temporary detention of these juveniles. In a letter dated December 5, 2005, Douglas County commissioners *911 explained to East Wenatchee that "East Wenatchee has approximately 70% of the temporary detention/bookings under the Chelan County contract, even though East Wenatchee has less than one-fourth the population within Douglas County." Clerk's Papers (CP) at 20. In the same letter, Douglas County informed East Wenatchee that in light of these continuing, unreasonable financial impacts on Douglas County, the agreement to detain juveniles at the Chelan County facility was immediately restricted to use by only Douglas County sheriff's deputies. East Wenatchee was informed it could use Martin Hall for temporary juvenile booking and detention without charge.
¶ 5 In 2007, East Wenatchee officers took a 13-year-old boy to the Chelan County facility. The boy's admission to the facility was rejected because he was not brought to the facility by a Douglas County deputy. Douglas County's Prosecuting Attorney, Steven Clem, again wrote a letter to Mayor Steven Lacy reiterating that Martin Hall was Douglas County's designated juvenile detention facility and that East Wenatchee had two choices regarding juvenile detention: East Wenatchee could either transport an arrested juvenile to Martin Hall and incur no booking or detention costs, or East Wenatchee could incur booking and detention costs by contracting with Chelan County, as Douglas County had done, to provide temporary detention for juveniles. Subsequently, East Wenatchee entered into an agreement with Chelan County and has been using the Chelan County facility to temporarily detain juveniles arrested by East Wenatchee's police officers until they are released or transported to Martin Hall.
¶ 6 East Wenatchee filed suit on October 23, 2008. East Wenatchee requested that the court order Douglas County to pay for the temporary housing of juveniles arrested within East Wenatchee and to pay for the cost of transporting juveniles from East Wenatchee to Martin Hall.
¶ 7 East Wenatchee and Douglas County filed cross motions for summary judgment. The trial court granted summary judgment in favor of Douglas County holding that Douglas County's juvenile detention facility was Martin Hall and that Douglas County had no financial responsibility if East Wenatchee's police officers delivered juveniles to the Chelan County facility instead of Martin Hall.
¶ 8 East Wenatchee appeals.

ANALYSIS
¶ 9 This court reviews summary judgment de novo. The moving party bears the burden of showing that there are no issues of material fact. The nonmoving party then has the opportunity to set forth specific facts showing there are genuine issues of material fact. The court views all evidence and inferences that can be drawn from the evidence in the light most favorable to the nonmoving party. Whatcom County v. City of Bellingham, 128 Wash.2d 537, 549, 909 P.2d 1303 (1996).
¶ 10 East Wenatchee asserts that Douglas County should pay for the confinement of arrested juveniles whenever those juveniles are booked into the Chelan County juvenile detention facility. Douglas County argues that East Wenatchee is not utilizing Douglas County's designated juvenile facility, Martin Hall, and, therefore, Douglas County should not be responsible for costs of confinement when East Wenatchee chooses to take arrested juveniles to the Chelan County facility.
¶ 11 In statutory interpretation, the court looks first to the plain meaning of the statute. If the statute is unambiguous, the court looks no further and applies the statute as stated. Bercier v. Kiga, 127 Wash.App. 809, 815-16, 103 P.3d 232 (2004). If the literal reading of the statute results in unlikely, absurd or strained consequences, the purpose of the statute should prevail over the express but inept wording. Whatcom County, 128 Wash.2d at 546, 909 P.2d 1303. The court should determine legislative intent within the context of the entire statute and should interpret the statute so that no portion is rendered meaningless or superfluous. Id.
¶ 12 RCW 13.16.030 states in its entirety:
The construction, acquisition and maintenance of juvenile detention facilities for *912 dependent, wayward and delinquent children, separate and apart from the detention facilities for adults, is hereby declared to be a mandatory function of the several counties of the state.
¶ 13 There is no dispute that Douglas County maintains a juvenile detention facility, Martin Hall, in Medical Lake. Douglas County pays for booking and detention costs at Martin Hall. Douglas County has shown that it is in compliance with RCW 13.16.030 and asserts there are no genuine issues of material fact, and, therefore, the trial court properly granted summary judgment.
¶ 14 East Wenatchee asserts that Douglas County is legally obligated to pay for temporary detainment at the Chelan County facility. East Wenatchee's first three argumentsthat historically cities have not assumed responsibility for juvenile justice activities, that it is undisputed that the legislature has assigned the task of enforcing and prosecuting juvenile offenses to counties, and that counties exercise legal custody over juvenile offenders who are temporarily detainedhave no bearing on who is responsible for paying for detained Douglas County juveniles booked into the Chelan County facility by East Wenatchee's police officers.
¶ 15 East Wenatchee also asserts this court should adopt the rationale of the attorney general with regard to adult criminals arrested by any law enforcement officer. In 1988 Attorney General Opinion No. 9, the attorney general concluded that "`[t]he mere fact that those prisoners are there because they were arrested by a city police officer gives rise to no legal basis, in our judgment, for passing all of the resulting costs of confinement on to the city.'" 1988 Op. Att'y Gen. No. 9, at 3 (quoting 1980 Op. Att'y Gen. No. 21, at 3). 2004 Attorney General Opinion No. 4 concludes that "[a] county jail has a duty to accept custody of arrestees presented for booking by any officers possessing the power to arrest and charge crimes alleged to have occurred within the county, no matter what the nature of the crime charged." 2004 Op. Att'y Gen. No. 4, at 2 (emphasis added). Both opinions involve city police officers booking arrestees into county facilities, where the city of arrest is within the county. Here, East Wenatchee seeks to book juveniles into a different county's facility. The attorney general opinions do not support East Wenatchee's assertion.
¶ 16 East Wenatchee next asserts that allocating cost according to who makes an arrest is inconsistent with Washington law. East Wenatchee cites 1980 Attorney General Opinion No. 21 and 1988 Attorney General Opinion No. 9. As noted above, these opinions do not support East Wenatchee's position. East Wenatchee also cites 2004 Attorney General Opinion No. 4, drawing the court's attention to the following quote:
[T]he officer must have some place to deliver the arrestee for booking so the criminal justice process can continue. If the county jail is unavailable for this purpose (because it has limited hours or has limited the number of arrestees it will accept), the arresting officer has the following alternatives, all unreasonable: (1) foregoing the arrest, (2) delaying the arrest until a jail is available, (3) keeping the arrestee in the officer's personal custody for an extended period of time, or (4) delivering the arrestee to another more distant jail.
2004 Op. Att'y Gen. No. 4, at 4.
¶ 17 The attorney general is referring to persons arrested within the county, not those who are arrested in one county and then booked into another county's facility. Martin Hall is available to East Wenatchee; Martin Hall is the county's designated juvenile facility. The attorney general's opinion does not apply here because East Wenatchee is attempting to book juveniles into an out-of-county facility, not its designated county facility.
¶ 18 Within this argument, East Wenatchee asserts that Douglas County has made the designated juvenile detention facility unavailable to East Wenatchee by the sheer distance between East Wenatchee and Medical Lake. East Wenatchee asserts that it is unreasonable to require an East Wenatchee officer to drive over 300 miles round trip in order to take a juvenile arrestee to Martin Hall. East Wenatchee's argument is supported only by the language quoted above *913 from 2004 Attorney General Opinion No. 4. While East Wenatchee makes a sympathetic and logical argument, it is not supported by statute.
¶ 19 East Wenatchee asserts that allowing a county to shift costs to another political subdivision of the state is inequitable. East Wenatchee cites RCW 13.40.056, which states that when a juvenile posts a bail bond, $10 of the amount shall be paid in cash and is nonrefundable. Under this provision, the fee is distributed to the county for costs. East Wenatchee asserts that because a detention facility is not authorized to distribute the bail fee to a city, it is inequitable for Douglas County to pass the costs of temporary detention onto East Wenatchee.
¶ 20 Douglas County asserts that East Wenatchee provides no evidence or authority regarding what costs are to be paid with the nonrefundable bail fee, no evidence regarding the number of juvenile offenders arrested and subsequently released on bail in Douglas County, or any evidence of the amounts received by Douglas County from nonrefundable juvenile bail fees. Furthermore, Douglas County asserts that even if Douglas County collected the $10 bail fee from those juveniles detained at the Chelan County facility, the amount collected would be less than one-tenth of the cost of detainment.
¶ 21 As stated above, Douglas County has a designated juvenile facility. East Wenatchee is located in Douglas County and has access to a juvenile facility where it does not have to pay booking or detention fees. Douglas County has provided what it is statutorily required to provide. If East Wenatchee elects to use an out-of-county facility, Douglas County is not financially responsible for the costs.
¶ 22 East Wenatchee next asserts that because Douglas County has a contract with Chelan County allowing Douglas County to temporarily house juveniles, the Chelan County facility is a Douglas County facility. And it asserts that East Wenatchee is a third party beneficiary to the contract between Douglas County and Chelan County. But these arguments were not raised in East Wenatchee's complaint or memorandum supporting its motion for summary judgment. On review of a summary judgment order, the appellate court considers only evidence and issues before the trial court. RAP 9.12.
¶ 23 Additionally, the three declarations examined by the trial court do not address the issue of whether the Chelan County facility is a Douglas County facility. The record on appeal does not contain the report of proceedings or the contract. Therefore, we do not consider this argument.
¶ 24 Lastly, East Wenatchee asserts that Douglas County unreasonably stopped paying for the temporary detention of juveniles at the Chelan County facility in 2005. East Wenatchee asserts Whatcom County v. Bellingham supports its position. In Whatcom County, the city of Bellingham shifted its criminal justice system costs to Whatcom County by unilaterally repealing most of its criminal code. The Washington Supreme Court held that if a city is providing criminal justice services, the city cannot precipitously stop providing those services and force the cost onto the county without attempting to discuss and address the fiscal impact of the city's decision. Whatcom County, 128 Wash.2d at 548, 909 P.2d 1303.
¶ 25 Douglas County correctly asserts that Whatcom County is not applicable here because Whatcom County required the court to interpret and apply RCW 3.50.800,[1] which has no bearing on this case. East Wenatchee does not provide any other authority to support its argument.
¶ 26 In any event, Douglas County does pay for booking and detention of juveniles at the designated Douglas County juvenile facility. *914 We affirm summary judgment in favor of Douglas County.
WE CONCUR: SWEENEY and BROWN, JJ.
NOTES
[1] RCW 3.50.800(1) states, "If a municipality has, prior to July 1, 1984, repealed in its entirety that portion of its municipal code defining crimes but continues to hear and determine traffic infraction cases under chapter 46.63 RCW in a municipal court, the municipality and the appropriate county shall, prior to January 1, 1985, enter into an agreement under chapter 39.34 RCW under which the county is to be paid a reasonable amount for costs incurred after January 1, 1985, associated with prosecution, adjudication, and sentencing in criminal cases filed in district court as a result of the repeal."